My name is Richard Stockenberg and I am proud to be here representing Owners Insurance Company, who is here at the academy of Lindbergh Law School. And what I'd like to do is to basically address, I'm committing as we're having to answer any and all questions I can, but the rest of my time what I want to do is to address two basic points. One is what we consider to be the mistake made by the district court by saying that it would be unavailing for the court and for us to rely upon public Miller Act cases, statutory bonds instead of private bonds. And it's our position that for purposes of interpreting bond language, whether it's private or public, the language, if it's the same language, is deserving of the same interpretation regardless. The interesting thing of it is that the position that both the district court made and Fidelity & Deposit is that it's inappropriate to rely on public cases, cases involving statutory bonds, when in fact the very case that they rely on is a public case. This struck me as not much ado about nothing but close to it, whether it's a statutory or whatever. The question I have, and maybe it's in the brief and I just missed it, but I didn't see any discussion of whether there are Missouri cases construing the term may be justly due. I don't think. Pardon? I don't think so. Well, I know. I guess the term was maybe borrowed from Miller Act precedence, but it's a governing state law issue. Well, the Brooke case used justly due, and our bond uses that. One of them is justly due and the other one is due. I'll hear if that frankly is shocking to me, but other counsel may agree. Where would we go for other state laws construing the term or anybody construing may be justly due? Well, there are many cases, particularly at the federal level, interpreting the Miller Act that do that, and it's our position that those interpretations of the bond language in the Miller Act, because it's so identical to the bond language that we have, that they are deserving of the same interpretation. Well, why? Because people who chose that language had the Miller Act as an example and therefore imported all the Miller Act lore into this contract? Is that what you're saying? That very well could be. Well, I mean. Having not done that, but it certainly appears that way. Okay. Well, I just wanted to make sure that was your argument. It has to do with intentional parties. It is a common usage of terminology in the case, and this Court has recognized that it's perfectly appropriate to use public interpretation of bonds when interpreting a private job. We cited that in the brief. It's the tri-state case, and it's the same in Missouri. Missouri says it's fine when interpreting a private bond to rely upon cases that interpret statutory bonds when the same language is involved. And whether the project is public or private, it just doesn't matter as far as what kind of land you're standing on. And the other point I'd like to make is that by incorporating the prime contract into the bond, it became the duty of F&D as the surety to accept the responsibility for the payment of the attorney's fees because the attorney's fees clause arises out. Did you really need the incorporation? Probably not, but we have it. Well, I know. Well, you make the big point, and I read the bond, and I don't know why you have to incorporate it. Maybe justly due, maybe justly due the claimant from Blanton. Yeah. I don't think it's obligatory. Well, the source of maybe justly due, who knows? It might be a contract. It might be a subcontract. Well, this Court in the tribal case said that. It could be a tort recovery. I'm sorry? It could be a tort recovery if that's not excluded in the bond. Well, what this Court said at Triangle, though, was that what is justly due is determined by the language of the subcontract, the contract clause in the subcontract. Wait, were you citing a case? Yes. I didn't hear the name of the case. The Triangle case. The Eighth Circuit Court case cited and discussed at length in our brief. And I think my time is probably up unless you have questions. Thank you. Mr. Cockrell for Stark. May it please the Court, Steve Cockrell for Stark Trust. To answer your first question, Your Honor, there are no Missouri cases. This is a case of first impression under Missouri law. The sole issue before you is to decide what the phrase for such sum or sums as may be justly due claimant means in this payment bond. Interestingly, Stark Trust and Fidelity and Deposit both agree. To answer that question, you must look to the underlying contract between Stark Trust and their principal, Ben F. Blanton Construction. They, however, want you to look at the price under that contract for the labor material if payment was timely made to Stark Trust. We submit to you that that's not what the bargain was. If payment is not timely made, then under that contract, we're entitled to recover interest and attorney's fees and expenses. You look to what the bargain was. And that is the exact analysis that this Court undertook in the Eighth Circuit Court that Mr. Stockenberg was referring to. I think when you go beyond construing the way you're construing justly due, then you do get into a question of the extent to which Missouri law makes a Fidelity bond liability coextensive with the principal's liability. When you get to things like statutory penalties that you're seeking or one of you is seeking. And we're not asking for statutory penalties. We're doing it by contract. And I submit to you, Judge, you don't have to. Well, even if the contract provides, the underlying contract, that looks to me, you know, in Brook, the Court laid out Missouri law is in conflict here. And it seems to me the conflict, it cited two cases and I haven't studied them. And then it went off on its own principle. But I think a study of those two cases may be needed to, even if you prevail on the global issue, if I can call it that. Well, I submit to you, Judge, the two cases that Brook relied on aren't Missouri cases at all. And they're distinguishable because the underlying contracts in those two cases do not allow recovery of interest and attorney's fees. In our case. The parties argue vigorously over whether a surety's liability is entirely coextensive with that of the principal. Or whether its liability is confined to the terms of the bond. Compare Kansas City v. X. Rel. Jennings with City of Independence X. Rel. Briggs. They are both Missouri cases. Yes, Your Honor. For that principle. And I don't think there's any. That's the principle. I apologize, Your Honor. That's what I meant. Okay. I don't think I have to argue the coextensive nature of the relationship here, Your Honor. You may. If you're right on what I'm saying is the main issue on appeal, we get into whether we remand or simply you win. Right. And that's where I think. I would also invite the court to look at the language of the bond in this case itself. Because in it, it says, the above named principal, Ben F. Blanton, and surety, fidelity, hereby jointly and severally agree. So in the bond itself, they both. We're not going to get to that issue. But to the extent you're arguing we win if we're correct on what justly do refers to. I think we do win. And I think this court's analysis in the DNL construction versus triangle electric says. The last point in F&D's brief, as I recall, is if you get there, you've got to remand. Well, their position is you have to remand for this. I construe that as referring to the uncertain nature of Missouri law cited in Brooke. And I would submit to you that there's no need to remand. Because the only issues that they want to undertake discovery on relate to owner's standing. And with respect to Stark Trust, whether the attorney's fees that we were awarded by the arbitration panel are for prosecuting the amount due us for our labor materials. And the arbitration panel has already ruled on that in our favor. And awarded us our fees as the prevailing party under the terms of our contract with Blanton. So that issue's been resolved in a binding way by the arbitration panel. In addition to the DNL construction case, which is the Eighth Circuit opinion. I think the language that the court used in that case is particularly important here. It said, such interest and attorney's fees are by such contract made part of the purchase price of the materials. And are summed justly due triangle. That analysis mirrors the U.S. Supreme Court's ruling in United States v. XREL, Sherman v. Carter. Where the Supreme Court said that the liquidated damages and attorney's fees form a part of the consideration. Which Carter, the principal, agreed to pay for services for his employees. With that, I need to reserve my argument for rebuttal. Thank you. Ms. Smith. May it please the court. Appearing on behalf of the surety F&D. The district court's decision that F&D has already fully paid appellants under the terms of the payment bond should be affirmed. You don't have to wear your mask. Did no one say that? They did, sorry. I'd like to address your first question, justly due. And where would a court look to determine what that means? F&D submits that you would look at the condition of the bond. You would look at what, under the terms of the payment bond, Blanton is obligated to pay for. And that is labor and material and two other categories of expenses that is not. That's just not the way I'm reading it. If it's not labor and materials, if it's pain and suffering, the bond does not cover that. But if it's labor and materials, it's the amount justly due, the claimant from Blanton, for labor and material supply. That's the way I'm reading the bond. That is what the bond says and that's what F&D paid in this instance. We paid for the labor and material. The arbitrator didn't think so. No, the arbitrator found that Blanton also owed for attorney's fees and interest at a rate other than the prejudgment interest rate that F&D paid for. And I'd like to. But they say attorney's fees was in the governing contract, which your client undertook, guaranteed to be responsible for. F&D did not guarantee the terms of the Stark purchase order or the Lindbergh subcontract. That's the issue. You just stated what's at issue. Well, the bond language itself answers that question. The bond does not. It has reference to the prime contract, which is the prime contract between Blanton and BCC. And what F&D agreed to pay, if Blanton did not, is for labor and material that was used in the performance of the prime contract. Right. And you're liable for such sum or sums as may fully pay the subcontractor for the amounts Blanton owes. I understand. And then you have to look somewhere to find that, not in the bond, in my view. Well, I submit that you would look at the bond, but I understand. What does the bond tell me? The bond says that F&D has to pay for labor and materials, and attorney's fees and enhanced interest under the Missouri private prompt payment statute is not labor and materials. What's your best case? What's my best case? Your best case on this issue. My best case on this issue, a couple of them. One, Frank Powell, that essentially instructs that on a private payment bond. I didn't understand what you just said. The Frank Powell case in Missouri, which essentially says that the terms of... I'm looking at your table of authorities. Okay. I don't see anything approaching what you just used. Frank Powell Lumber Company versus Federal Insurance Company. Now I see it. That was a private construction project, as this one is. The supplier brought suit to recover amounts unpaid by the subcontractor. I don't want to hear cases discussed in oral argument. What's your other case? My other case would be Brook Drywall, and that's a case that the district court looked at to determine how would a Missouri appellate court... Wait. I'm looking at your table of authorities. I don't see anything that looks like that. Say it again. Brook, B-R-O-O-K-E, Drywall. Okay, Brook. I'm relying on Brook for the contrary proposition. Okay. The district court looked to Brook to inform itself as to how the Missouri Court of Appeals would address the language that's in the payment bond. And Brook rejected the surety's reliance on those cases because the actual bond language in Brook was considerably broader. Yeah, but Brook didn't have your payment justly due clause, right? That's correct. It did not. And that's the determinant, in my view at least, the determinative language in the bond. The other case that I believe really kind of puts the puzzle together is the Page International case. And that's Page International versus XL Specialty Company. And in that court, or in that case, even though the bond issue did not have the sums justly due and owing language, the court basically held that when you have a Miller Act claim, that's the basis for awarding attorney fees in an underlying subcontract. Because you're looking at what the Miller Act, the statutory language, requires the surety to pay. And that is not the case in a private payment bond. Okay. Which you would A statute can trump The statutory terms are read into the bond, whether the language We don't have a statutory term here. We do not have a statutory term on this bond. Maybe justly due. We have a Missouri And it's never, do you disagree it's never been construed by a Missouri case, by a Missouri court? I don't think this precise issue has been addressed by a Missouri court. I think the district court recognized that. Not any court anywhere. Under state law, under a state governing state law, has this term, to your knowledge, been construed by an appellate court in a published decision? I think in the J.C. Snavely and Son case, which is a Pennsylvania case, That case had the same bond language. It had the sums as may be justly due. And the court held that it did not include attorney's fees or finance charges. But I think the Page International case outlines basically the same framework that Missouri has. When it's a private bond, the purpose of the payment bond is to protect the owner from mechanics liens. And you interpret the bond in accordance with its plain language. Here I think to basically try to divorce the terms labor and material from having any limit or definition on sums as may be justly due and owing, Could lead to what Stark has acknowledged is a silly result. Essentially what the argument there is that if Blanton fails to timely pay, then F&D has to pay Stark, as an example, everything under the sun that Blanton might owe Stark. No, no, no, no. It's what is owed for untimely payment. And maybe for having to sue to get untimely payment. But the bond doesn't have that limitation. It says otherwise. In other words, if not timely paid, then you're surety for what Blanton owes the claim, what's justly due to the claimant. That's what the bond says. I mean, I've had the situation where there have been things in the subcontract unrelated to the bonded project, period. Well, fine. Then they're not part of the bond. It's got to be not timely payment of labor and materials. In order. Which includes, for sure, common law, the interest required by law for untimely payment. You've surely agreed to be surety for that. Well, the surety's delay in making payments has been compensated in this case. F&D paid statute. Okay, that's your view of the facts, but that's not what you're arguing is a matter of law. My argument. You're arguing, you know, you gratuitously paid more than you have to because all you owed was the principal amount of labor material not furnished. We paid labor and material that was furnished to the project. And then F&D also paid for the lost time value of money in accordance with Missouri law under, you know, the prejudgment interest statute. And that's a concession that payment justly due is more than the principal amount of the labor and material. Not in. Your client conceded that. In my client's view, it's complying with a Missouri statute separate and apart. And it had satisfied its payment bond obligations. That's what justly due means. Justly due under the law of the state. Well. Unless it's a Miller Act bond. Justly, at least with respect to the Missouri Court of Appeals decision in the Burke case, that language is more narrow. And in that case, the Burke court was not looking to the underlying contract and the district court was not looking to the underlying contract in our case. It was. Brooke wasn't looking to justly due. It was. It was looking to the condition terms of that bond. I understand that. But the district court here was looking to Missouri state law, which it is obligated to do. And it looked to Burke court, the Missouri Court of Appeals, to interpret how would a Missouri court interpret this language. And the district court correctly, in our view, realized that this is a private payment bond. And it should be enforced in accordance with its terms and conditions and should not be construed to cover more than what the bond covers. On that point, counsel, what's your take on the purpose of import of the Connecticut clause? That the Connecticut court, that there's an express provision in the payment bond that deals with payment of fees on Connecticut projects, which this project is not one. Well, but I mean, why would you assume a liability? And I don't know why F&D did that. Wouldn't it be a reasonable assumption they did that because they thought they could be liable on these kinds of things in other states as well? I don't believe that you can take an otherwise unambiguous provision of the contract and use it to then try to speculate about what a court or why something happened of which there's no evidence at all. I mean, you know, there's no language. They all saw about no language is superfluous, right? So it seems to me the question one might ask is why was this in here if not for uniformity purposes? Again, the district court, I believe, correctly concluded that does not create an ambiguity on the face of the bond. And I'm not going to ask this. But just out of the goodness of their heart, they reject, they decided they wouldn't take advantage of the Connecticut statute, is that it? I'm sorry. Just out of the goodness of their heart, they decided, F&D decided to assume a liability? I'm sure F&D is altruistic, but I think that we do not know the answer to that question. My assumption is that there's probably something in the insurance code. There may be laws governing what sureties have to cover in Connecticut. There are. I don't know the answer. Well, there are. That's the whole point. Thank you. Well, just to further respond to that, the statute that they cite is not saying that F&D has to do that. It's just it's not going to be covered if they don't do it. But fair enough. I understand. Any other questions that I can answer for you? Thank you. Thank you. Is there any rebuttal time? Yes, Your Honor. Three minutes, 38 seconds. One of you may use the rebuttal time, not both. Only one. Let me cover a couple of things. This is a question of state law. So you've got to decide what is justly due under Missouri state law. And I submit to you, under Missouri state law, while we don't have any cases interpreting this bond language, we know that Missouri state law, when saying what is justly due somebody under a contract, you look to the terms of the contract. And our contract allows the recovery of interest, and it allows the recovery of attorney's fees and litigation expenses. So I submit to you that Missouri state law allows for recovery of these things if your contract allows it. Judge Arnold, you brought up a good point. And I agree that it is really only relevant if you think the language such terms do or justly do is ambiguous. But if it is ambiguous, and the court seems to be struggling with that a little bit, if it is ambiguous, first of all, Missouri law says any ambiguity gets construed against the surety, because they're a compensated surety. And number two, then you look at this Connecticut reference. Is this project in Connecticut? Of course not. But why is it in there? That has to provide some meaning to what the rest of this bond means. And if you can get attorney's fees and interest under Connecticut law, why can't you get it under Missouri law? I think just common sense tells you that the story Fidelity is trying to sell here doesn't make sense under the language of this bond. Now, the record doesn't say why that Connecticut statute's referenced in this bond. We don't know, but it's there. But I have taken the position from the beginning. I do not think the term such sums that are justly do is ambiguous. I think that's very clear cut, and I think the Eighth Circuit and the United States Supreme Court have both said it's very clear. You look to the underlying contract. And if you look to the underlying contract, we're entitled to be paid those monies, because that was what the ---- Well, I don't understand. Why is the Connecticut provision only relevant if we think there's an ambiguity? Because it doesn't have application to ---- Well, it doesn't matter. The question is, what does this language mean? It just could be belts and suspenders. Okay. I could see that. It's just another argument aimed at determining what it means. It's not going to ---- you don't have to think it's ambiguity. You know, if you've got three reasons, you don't have to reject three, the third one, just because you think one and two don't get you there. You can use all three to get you there. And I love it, because it's helpful to my position. Okay. So I submit to you that there's no ---- and the other thing I would say to you, the words that are used here, some or sums justly do claimant, those words are commonly used understood words. And those words have the same meaning whether you're standing on public property versus private property. Where else are they used outside this context? Justly do. I'm not familiar with that anywhere. I'm not suggesting that those words come together in that phrase. But the words some or sums justly do, those are all commonly understood and used words. I think that would be more ambiguous to anyone who struggled through law school than the word justly. I would concede that point, Your Honor. And so if that's the case, then you look to Missouri law on bonds, and it says that ambiguity has to be construed against fidelity and in our benefit. And if that's the case, then we should, the district court's judgment against stark trust should be reversed outright with a direction to inner judgment in our favor. I think that's all my time. Thank you very much. Thank you, Counsel. Case has been thoroughly briefed and argued, and interesting question. We'll take it under advisement. Thank you.